**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111526

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Heather L. Senior and Venus Delao, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EGS Financial Care, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Heather L. Senior and Venus Delao, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against EGS Financial Care, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Heather L. Senior is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Venus Delao is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant EGS Financial Care, Inc., is a Pennsylvania Corporation with a principal place of business in Montgomery County, Pennsylvania.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Senior, Defendant contacted Plaintiff Senior by letter ("the Letter") dated June 22, 2016. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Delao, Defendant contacted Plaintiff Delao by letter ("the Letter") dated June 21, 2016. ("**Exhibit 1**.")

17. The Letter was the initial communication Plaintiff Senior received from Defendant.

18. The Letter was the initial communication Plaintiff Delao received from Defendant.

19. The Letters are identical in all material respects.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g

21. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

30. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

31. The failure to include the foregoing information renders an otherwise accurate

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

32. The Letters state, "Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law."

33. The Letter fail to advise Plaintiffs that if Plaintiffs pay the balance as of the date of the Letters, an adjustment may be necessary after Defendant receives payment.

34. The Letters fail to advise Plaintiffs that Defendant will inform Plaintiffs of the balance difference before depositing payment.

35. The Letters fail to indicate the minimum amount Plaintiffs owed at the time of the Letters.

36. The Letters fail to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letters.

37. The Letters fail to provide information that would allow Plaintiffs to determine what Plaintiffs will need to pay to resolve the debts at any given moment in the future.

38. The Letters fail to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

39. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

40. For instance, the Letters fail to indicate the applicable interest rate.

41. For instance, the Letters fail to indicate the date of accrual of interest.

42. For instance, the Letters fail to indicate the amount of interest during any measurable period.

43. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

44. For instance, the Letters fail to indicate the amount of late fees.

45. For instance, the Letters fail to indicate the date such fees will be added.

46. For instance, the Letters fail to indicate the amount of late fees during any measurable period.

47. The Letters fail to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amounts stated to increase.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

48. The Letters fail to state what part of the amounts stated is attributable to principal.

49. The Letters fail to state what part of the amounts stated is attributable to interest.

50. The Letters fail to state what part of the amounts stated is attributable to late fees.

51. The Letters fail to state what part of the amounts stated is attributable to other fees.

52. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letters.

53. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

54. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

55. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

56. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

57. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

58. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

59. The Letters, because of the aforementioned failures, renders the statements of the amount of the debts, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

60. The Letters, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

61. The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692g.

62. Because Defendant stated the balance "may" increase, the least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after receipt of the letter.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

63. Because Defendant stated the balance "may" increase, the least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

64. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letters fail to indicate the applicable interest rate, or date of accrual.

65. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letters fail to indicate the amount of applicable and/or possible late fees.

66. For these reasons, Defendant failed to clearly state the amount of the debt.

67. For these reasons, Defendant failed to unambiguously state the amount of the debt.

68. For these reasons, the Letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

69. For these reasons, the Letters would likely make the least sophisticated consumer confused as to the amount of the debt.

70. As previously alleged, the least sophisticated consumer could reasonably read the Letters to mean that the "Total Balance" was static.

71. As previously alleged, the least sophisticated consumer could also reasonably read the Letters to mean that the balance was dynamic due to the continued accumulation of interest.

72. As previously alleged, the least sophisticated consumer could also reasonably read the Letter to mean that the balance was dynamic due to the continued accumulation of late fees.

73. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

74. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

6

75. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt incurred on a Synchrony Bank credit card where Defendant utilized the same, or substantially the same, form letters used herein, from one year before the date of this Complaint to the present.

76. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

77. Defendant regularly engages in debt collection.

78. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts incurred on a Synchrony Bank credit card where Defendant utilized the same, or substantially the same, form letters used herein.

79. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

80. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

81. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

82. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiffs' costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: June 11, 2017

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 111526